THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

Attorneys for Plaintiff
PETER BYRNE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER BYRNE,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. OFFICE OF FOREIGN ASSETS CONTROL; U.S. DEPARTMENT OF THE TREASURY,<br><br>  Defendants. | Case No. 3:20-cv-07478<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

Plaintiff Peter Byrne, by his undersigned attorney, alleges as follows:

**INTRODUCTION**

1. In 2014 military forces of the Russian Federation entered Ukraine and purported to annex the Crimea region. On March 6, 2014, President Barack Obama issued Executive Order 13660, declaring a national emergency in connection with the threat to democratic processes and institutions in Ukraine. Pursuant to that and subsequent Executive Orders, the Office of Foreign Assets Control ("OFAC") of the U.S. Department of the Treasury ("USDT") imposed sanctions on a number of individuals and entities, including the Russian state-owned PJSC Rosneft Oil Company ("Rosneft") and various affiliates. On December 7, 2016, Russian President Vladimir Putin announced that a major stake in Rosneft was being sold to a joint venture between the Qatar Investment Authority and Glencore plc, an Anglo-Swiss trading and mining company. However, the true ownership structure of the joint venture is not publicly known. *See, e.g.*, https://www.reuters.com/article/us-russia-rosneft-privatisation-insight-idUSKBN1582OH. In testimony to the House Intelligence Committee in 2017, President Trump's former campaign advisor Carter Page acknowledged meeting with members of President Putin's administration and the head of investor relations for Rosneft in July of 2016. *See* https://americanconsequences.com/who-got-paid-in-this-massive-russian-energy-deal/. On June 26, 2017, as part of an investigation into parties involved with the Rosneft transaction, Plaintiff made a FOIA request to Defendant OFAC for documents pertaining to the Rosneft transaction (the "FOIA Request'). More than three years after Plaintiff made this FOIA request, no responsive documents have been produced.

2. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to enjoin Defendants OFAC and USDT from continuing to improperly withhold agency records that are responsive to the FOIA Request. This FOIA action is necessary because Defendant continues to withhold responsive records since Plaintiff made the FOIA Request over three years ago, a constructive denial of the FOIA Request.

3. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that

1

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-07478

sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dept't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted). As a journalist, Plaintiff plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

4. Through his FOIA Request, Plaintiff seeks to fulfill this journalistic function and to shine a public light on information about the parties involved with the purchase of a large stake of the sanctioned Rosneft.

**PARTIES**

5. Plaintiff Peter Byrne is a freelance journalist whose news articles have been published in New Scientist, Scientific American, North Bay Bohemian, Pacific Sun, and Quanta. Plaintiff's independent journalism helps the public stay informed about important news stories.

6. Defendant U.S. Office of Foreign Assets Control is a component of Defendant U.S. Department of the Treasury, itself a component of the Executive Branch of the United States Government. Defendants are each an "agency" within the meaning of 5 U.S.C. § 552(f). Plaintiffs are informed and believe that OFAC has possession and control of the records sought by the FOIA Request.

**JURISDICTION**

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

**VENUE**

8. Venue in the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B) as Mr. Byrne's journalistic work and his FOIA Request to OFAC occurred in Sonoma County. For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

DAVIS WRIGHT TREMAINE LLP

9. Assignment to the San Francisco Division is proper under Civil Local Rule 3-2(c) and (d) because Mr. Byrne's journalistic work and his FOIA Request to OFAC occurred in Sonoma County, within this District.

**FACTS**

10. Through the FOIA Request to OFAC on June 26, 2017, Mr. Byrne requested access to and copies (including electronic records) of:

    a. All OFAC documents, including but not limited to reports, complaints, memoranda, correspondence, email etc. pertaining to the sale of the sanctioned Russian oil firm ROSNEFT in December 2016 to a consortium of buyers including GLENCORE and Qatar Investment Authority and other parties from January 1, 2014 to the present.

11. In the FOIA Request Mr. Byrne also asked OFAC for:

    a. Expedited processing as the "facts of this matter are of considerable public interest";

    b. A fee waiver, as Mr. Byrne is "a working member of the press"; and

    c. Designation as a "media" requester for purposes of fee consideration.

12. On June 27, 2017, USDT acknowledged receipt of the FOIA Request, assigned it the FOIA number 2017-06-226, and indicated that the request had been assigned to OFAC. Attached as **Exhibit A** is a true and correct copy of this acknowledgement of receipt.

13. On August 15, 2017, OFAC acknowledged receipt of the FOIA Request and denied the requested expedited processing, fee waiver, and "media" requester status. Attached as **Exhibit B** is a true and correct copy of this acknowledgment of receipt.

14. On August 22, 2017, Mr. Byrne filed an appeal of the denials in the OFAC response to the FOIA Request. Attached as **Exhibit C** is a true and correct copy of this appeal.

15. One August 30, 2017, OFAC notified Mr. Byrne by email that it had reconsidered the original determination of the requester category and had entered Mr. Byrne as a "media" requester. OFAC asked Mr. Byrne to withdraw the fee waiver request as moot, since the "media" categorization would result in no fees. Mr. Byrne withdrew the fee waiver request by reply email

DAVIS WRIGHT TREMAINE LLP

later that same day.  Attached as **Exhibit D** is a true and correct copy of this email exchange.

16.     On October 26, 2017, Mr. Byrne received a telephone call from Alicia Lomba, Attorney-Advisor, Foreign Assets Control, at OFAC.  Ms. Lomba informed Mr. Byrne that a letter denying his appeal for expedited processing was being delivered via courier.

17.     On November 20, 2017, OFAC denied Mr. Byrne's appeal of the denial of his request for expedited processing.  Attached as **Exhibit E** is a true and correct copy of this denial.

18.     On December 14, 2017 and September 30, 2019, Mr. Byrne sent email messages to OFAC inquiring about the status of the FOIA Request.  An OFAC response on December 15, 2017 indicated that the FOIA Request was being processed according to the OFAC processing queue.  An OFAC response on October 1, 2019 indicated that the OFAC Request had been assigned to a separate track from other requests due to its complex nature, and that OFAC was awaiting responses to taskings for responsive records.  Attached as **Exhibit F** is a true and correct copy of these email exchanges.

19.     Plaintiff is deemed to have exhausted his administrative remedies with respect to the FOIA Request under 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CAUSE OF ACTION

### (Violation of FOIA)

20.     Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

21.     Plaintiff's FOIA Request seeks "agency" records and within the Defendants' custody and control.

22.     Defendants failed to produce any responsive records to Plaintiff's FOIA Request.  Plaintiff has a legal right under FOIA to obtain the agency records requested in his FOIA request, and there exists no "exceptional circumstances" or legal basis for Defendants' failure to respond to Plaintiff's FOIA Request and to make these records available.

23.     Defendants' failure to make promptly available the records sought by Plaintiff's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

DAVIS WRIGHT TREMAINE LLP

24. Plaintiff is entitled to declaratory relief finding that Defendants have violated FOIA and is entitled to immediately receive all records responsive to his request.

25. Plaintiff is further entitled to injunctive relief, ordering Defendants to immediately produce copies of all records responsive to Plaintiff's FOIA Request without further delay.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court award him the following relief:

A. Declare that Defendants violated FOIA in their response to Plaintiff's FOIA Request;

B. Order Defendants to immediately disclose the requested records to Plaintiff and enter an injunction prohibiting Defendants from continuing to withhold the requested records;

C. Order Defendants to immediately disclose any responsive records in their possession or control to Plaintiff;

D. Award Plaintiff his reasonable costs and attorney's fees;

E. Grant such further relief as the court may deem just and proper.

Dated:  October 23, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  /s/ *Thomas R. Burke*
       THOMAS R. BURKE

Attorneys for Plaintiff
PETER BYRNE